# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TERESA HENDRICKS, INVIDUALLY and as NEXT FRIEND TO MH, SH and SH | § § § § § § § § § | |
| v. | | Case No. 4:12cv71 (Judge Mazzant) |
| FORD MOTOR COMPANY | | |

### OPINION AND ORDER ON PLAINTIFF'S MOTION TO ADMIT EVIDENCE OF OTHER ACCIDENTS FROM SAME OR SIMILAR CAUSE

Pending before the Court is Plaintiff Teresa Hendricks Motion to Admit Evidence of Other Accidents from Same or Similar Cause (Dkt. #98). Having considered the relevant pleadings and exhibits, the Court finds the motion to be denied in part and granted in part.

### BACKGROUND

This is a products liability action with a trial setting of October 22, 2012. Briefly stated, the facts are as follows. On March 7, 2011, a scissor OEM jack sold and marketed by Defendant with its 2004 Freestar failed and collapsed. The decedent's van fell, and he was crushed, resulting in his death. Defendant moved for summary judgment on the claims asserted by Plaintiff. This Court denied in part and granted in part Defendant's motion for summary judgment, leaving Plaintiff's claims for manufacturing defect, misrepresentation based on Restatement (Second) of Torts, section 402(B), breach of implied warranty of merchantability and various alleged elements of survival damages pending. (Dkt. ##86, 130). It is with these claims in mind this Court evaluates the admissibility of Plaintiff's "evidence of other accidents from same or similar cause."

## ANALYSIS

Plaintiff seeks to admit several categories of evidence of other incidents from same or similar causes.[1] Plaintiff argues that the evidence should be admitted because it is relevant to proving notice and defective design, can be used for impeachment purposes, and is relevant to the issue of exemplary damages. Plaintiff also argues that Defendant is now estopped from arguing the evidentiary incidents are not the same as those in this case since it did not do so when responding to the NHTSA's request for information.

Defendant, of course, disagrees with Plaintiff's contentions and argues that the evidence should be excluded. Defendant objects on the grounds that the OASIS and MORS III documents contain hearsay. Defendant further argues that the incidents are not relevant because they are not sufficiently similar to the alleged accident in the instant case. Finally, Defendant contends that even if the incidents were otherwise admissible, any probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues and waste of time, and the evidence is therefore inadmissible under Federal Rule of Evidence 403.

**A.     Defendant's hearsay objections.**

Defendant argues that that the 309 OASIS consumer complaints and the 56 MORS III consumer complaints constitute hearsay to which no hearsay exception applies, and the complaints are therefore inadmissible. Plaintiff disagrees.

---

[1] Plaintiff states she seeks to admit evidence from four different sources but it is unclear what the four sources are. Defendant categorizes the evidence Plaintiff seeks to admit into three categories. This Court will address the evidence falling into the following categories: (1) the 309 incident reports contained in Defendant's Online Automotive Service Information System ("OASIS"); (2) the 56 incident reports contained in Defendant's Master Owner Relations Systems III ("MORS III"); and (3) testimony from six witnesses claiming to have experienced similar incidents with the jack at issue in the instant case. The OASIS and MORS III records were compiled after the National Highway Transportation Safety Administration ("NHTSA") requested the information from Ford for purposes of a preliminary investigation. To the extent Plaintiff seeks to admit the NHTSA communications and the Preliminary Investigation itself, including letters between Defendant and NHSTA, that request is denied. *See Smith v. Isuzu Motors Ltd.*, 137 F.3d 859, 862 (5th Cir. 1998) (holding that preliminary investigation by the NHTSA was not factual findings and constituted inadmissible hearsay). *See also Johnson v. Ford Motor Co.*, 988 F.2d 573, 580 (5th Cir. 1993) (finding that the "official nature" of a NHTSA preliminary investigation could mislead a jury into believing something was wrong with the cars).

Customer complaints in a company's files are out-of-court statements. If they are offered to prove the truth of the matter asserted – that the incidents complained of in the report occurred as reported – they are hearsay and are inadmissible. *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 139-40 (Tex. 2004). While the record of the complaints, if made in the regular course of business, may fall under the business records exception, the consumer complaints themselves are hearsay within hearsay and must fall under their own exception. *Id.* at 140; *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991) (finding that when the business record contains information from an outsider, the business records exception does not by itself permit the admission of the business record; rather, the outsider's statement must fall within another hearsay exception). If the documents were being used to prove something other than the truth of the matter asserted, they might then be admissible. *Nissan*, 145 S.W.3d at 140; *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 340-41 (Tex. 1998). A party cannot circumvent the hearsay rules, however, by arguing that the hearsay is offered not to show the truth of the matters asserted but rather to show the opposing party's knowledge of the truth of the matters asserted. *Nissan*, 145 S.W.3d at 141-42.

The OASIS reports contain text identified as "CUST_TXT" followed by the customer complaint and "TECH_TXT1" followed by the technician's response or resolution of the complaint. The text in the MORS III reports begin with "CUSTOMER SAID" which is followed by the customer complaint. The customer complaints and comments contained in the reports are hearsay and Plaintiff has yet to provide an applicable hearsay exception. Plaintiff contends that the comments are not hearsay because they are not being offered for the truth of the matter asserted but rather to prove Defendant had notice of the matters asserted therein. Plaintiff cannot avoid hearsay issues by arguing that the evidence is being offered to show only Defendant's

knowledge of the truth of the matters asserted in the reports. *See Nissan*, 145 S.W.3d at 141-42. Indeed, even if the documents are being offered to prove notice, they must still meet the necessary evidentiary requirements to be admissible. *See Williams v. Remington Arms Co.*, No. 3:05-CV-1383-D, 2008 WL 222496, at *8 (N.D. Tex. Jan. 28, 2008) (finding that before customer complaint letters could be admitted to prove notice of design defects, the court must find that the evidence was in admissible form, i.e., not hearsay, or it fell within a hearsay exception). The OASIS and MORS III reports constitute hearsay and are inadmissible.[2]

To the extent Plaintiff argues the reports are not hearsay because they contain admissions by a party opponent, this Court disagrees. The technicians and call center representatives were merely repeating what was told to them; there is no indication that Defendant, or even the report authors, were adopting the version of events contained in the reports. Therefore, they do not constitute party admissions. *See Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 281 (5th Cir. 1991) (finding that statements contained in a report made by defendant's agent were not party admissions when the statements were documenting plaintiff's account of the events with no indications that the defendants adopted the version of the facts as recorded).[3]

**B.      Witness testimony regarding other similar incidents.**

>    1.   Defendant is Not Estopped from Making Arguments that the Incidents are Not Substantially Similar.

As an initial matter, Plaintiff claims that Defendant is estopped from objecting to the other similar incident evidence on the grounds that it is not sufficiently similar to the incident in

---

[2] Plaintiff may argue that the reports still contain comments of Defendant's technicians or call center representatives who were acting in the regular course of business and therefore are not hearsay. While that may be true, these comments, standing alone, are not relevant to the issues in the case at hand. Additionally, many of these comments contain information from the customer or are based on customer complaints and are therefore still hearsay.

[3] Because this Court concludes that these documents are inadmissible, Plaintiff's remaining arguments with respect to them are moot and will not be considered. That said, Plaintiff presented over 350 incidents to be admitted. The Court recognizes that such a large volume of incidents would likely also present issues with respect to admission under Federal Rule of Evidence 403.

this case. This Court disagrees. A preliminary investigation does not constitute a legal proceeding, or a quasi-legal proceeding, and Plaintiff has not provided case law to prove otherwise. The one case upon which Plaintiff relies involves live proceedings in front of another individual or administration. *See Harris v. Marathon Oil Co.*, 948 F. Supp. 27, 29 (W.D. Tex. 1996). The Court is further persuaded by Defendant's argument that it took no final position as is required under estoppel law and therefore is not estopped from making arguments that the incidents are not substantially similar.

    2. <u>Defendant Objects that the Evidence is Not Reasonably or Substantially Similar.</u>

Plaintiff argues that other similar incidents evidence is relevant to showing notice and defect. Defendant argues that the incidents are not sufficiently similar and are therefore irrelevant. When evidence of other similar incidents is offered solely to show notice, the party submitting the evidence "must establish reasonable similarity." *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993). When the same evidence is offered as proof of defect, the proponent must establish the accidents occurred "under substantially similar circumstances and involving substantially similar components." *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082-83 (5th Cir. 1986). Thus, to show notice the rule of admission is somewhat more relaxed than when the same evidence is used to show defect. *Id.* at 1083. As such, the Court must examine whether the evidence meets the standard to be used to prove notice and if it does, then turn to whether the evidence may also be used to prove defect.

Because this Court has concluded that the OASIS, MORS III and NHTSA documents are otherwise inadmissible,[4] the only remaining evidence to be evaluated is the witness testimony.

---

[4] Despite its earlier ruling of inadmissibility, the Court notes that this evidence would be inadmissible to show notice and defect as well because there is not enough information for Plaintiff to prove the accidents were substantially, or even reasonably, similar. A review of the OASIS and MORS III documents demonstrates that they contain only a

Plaintiff wishes to offer testimony from six witnesses who were using the OEM jack in a manner similar to the decedent and had the jack fail in a manner similar to the failure in the instant case.

Reviewing the applicable testimony and case law, this Court finds that the incidents were reasonably similar and therefore are admissible as to notice. In each instance, the witness testified that a similar vehicle was raised on the jack and the jack failed in a similar manner: the scissor joint was askew (Hansen), the jack snapped in half and the screw holding it together was gone (Struck), the jack "arms" failed and collapsed and the jack was twisted metal (Harper), the jack bent (Hume), the jack completely came open at the joint (Milner), and the jack bent and collapsed (Ulery). Such occurrences are reasonably similar enough to permit admission into evidence. *See Knauff v. Dorel Juvenile Group*, No. SA:08-CV-336-XR, 2010 WL 114014, at *2-3 (W.D. Tex. Jan. 6, 2010); *see also Jackson*, 788 F.2d at 1082-83 (finding that cases involving similar products (multi-piece rims) failing in similar manners (exploding) were sufficiently similar to be admissible). This evidence is relevant to whether Defendant had notice of an issue with the jack. Any difference in the circumstances from that of the instant case goes to the weight of the evidence rather than its admissibility. *See Jackson*, 788 F.2d at 1083.

The Court must now determine whether this evidence is sufficiently similar enough to warrant admission as evidence of defect. Unlike the witnesses in *Nissan*, each witness examined the jack and was able to describe what the actual defect appeared to be: a jack that bent or broke, in the same general area, causing it to collapse. Had there been no evidence as to what caused the jacks to collapse (as in Nissan when the only evidence was that the cars unintentionally accelerated), then the testimony might not be relevant. But the Court finds enough evidence to

---

few sentences describing the incidents. Such information is insufficient to make a determination as to whether the events were reasonably or substantially similar to the event in the instant case.

conclude that the incidents were substantially similar. As such, the testimony is relevant as to defect.[5]

In sum, the Court finds that the testimony from the six witnesses is sufficiently similar such that it may be admitted to show notice and defect. Should Defendant request it, the jury will be instructed accordingly.

### 3. Defendant Objects that the Evidence is Otherwise Inadmissible Under Rule 403.

"Even when a substantial similarity of circumstances is established, the district court has broad discretion to exclude such evidence under Rule 403 of the Federal Rules of Evidence." *Johnson*, 988 F.2d at 579. Thus, otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403. The Court finds that it would not be unduly prejudicial to Defendant if Plaintiff was permitted to introduce six incidents as proof of only notice and defect. Accordingly, Defendant's Rule 403 objection is overruled.

## C. Any Argument the Evidence May be Used for Impeachment is Premature.

Plaintiff argues that the other incidents evidence is admissible for impeachment purposes. This argument is premature as it is unknown what the testimony will be at trial. Should Plaintiff determine that certain evidence is necessary for impeachment purposes, it may address the Court, outside the presence of the jury, at that time.

---

[5] Defendant argues that Plaintiff must present expert testimony as a predicate to introducing similar accidents testimony. The cases relied on by Defendant, however, indicate that expert testimony may be needed to conclusively prove a defect existed not that expert testimony is required to prove accidents were sufficiently similar as to be admissible. *See, e.g., Nissan*, 145 S.W.3d at 137.

**D.     Similar Incidents May Be Relevant to Exemplary Damages Claims.**

Plaintiff argues that the other similar incidents are relevant to a claim for exemplary damages. Specifically, Plaintiff contends that the other incidents are proof that Defendant was consciously indifferent toward accidents involving the OEM jack. Defendant responds that any award of punitive damages based on out-of-state conduct raises due process and federalism concerns.

Whether the defendant had actual knowledge of the alleged defect is relevant to whether punitive damages should be awarded. *See, e.g., Smith v. Aqua-Flo, Inc.*, 23 S.W.3d 473, 481-82 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *Int'l Armament Corp. v. King*, 674 S.W.2d 413, 417-18 (Tex. App.—Corpus Christi 1984), *aff'd*, 686 S.W.2d 595 (Tex. 1985). Moreover, in *Nissan* the Texas Supreme Court remanded the exemplary damages issue for consideration, stating that there was testimony which could be construed to indicate Nissan knew of the defect claims prior to the accident at issue. *Nissan*, 145 S.W.3d at 148. Thus, Plaintiff is correct that evidence of notice may be relevant to an award of exemplary damages.

Defendant is also correct that the Supreme Court has held that out-of-state conduct may not be considered to punish a defendant for action that was lawful in the jurisdiction where it occurred. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422-23 (2003); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 572-73 (1996). In *Campbell*, however, fundamental to the Supreme Court's decision was that fact that the out-of-state conduct bore no relation to the plaintiff's harm. *Campbell*, 538 U.S. at 422 ("A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages."). Conversely, this Court has concluded that the acts were reasonably similar enough to be relevant and to be considered as proof of notice. And notice, or knowledge, as discussed above is an

element of the exemplary damages claim. Accordingly, the *similar* out-of-state incidents may be considered with respect to exemplary damages, to the extent notice is a component of any damages issues.[6]

## CONCLUSION

Plaintiff's Motion to Admit Evidence of Other Accidents from Same or Similar Cause is granted in part and denied in part. Documents and complaints from the 309 OASIS and 56 MORS III reports are inadmissible hearsay and the sheer volume of records would potentially violate Federal Rule of Evidence 403. The witness testimony covers incidents that were reasonably and substantially similar to the alleged accident in the instant case. It is therefore relevant to notice and defect. It will be admitted for those limited purposes.

The Court notes that admissibility of evidence cannot be considered in a vacuum. While evidence may not initially appear to be admissible, events may occur at trial which make evidence previously deemed inadmissible become admissible. Accordingly, the Court recognizes Plaintiff may wish to introduce this evidence at trial for purposes that have not yet presented themselves. The Court instructs Plaintiff to make its request and present the evidence outside the presence of the jury.

IT IS SO ORDERED.
**SIGNED this 27th day of September, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court is referring only to the testimony from the six witnesses regarding other similar incidents. As previously stated, the OASIS, MORS III and NHTSA documents are all inadmissible.